UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RHODE ISLAND RECYCLED )
METALS, LLC, and AARE, LLC )
    Plaintiff, )
)
v. ) C.A. No. 16-cv-607-M-PAS
)
CONWAY MARINE )
CONSTRUCTION, INC., )
    Defendant. )

## ORDER

Defendant Conway Marine Construction, Inc., bought a marine crane barge known as the Apache at auction on December 17, 2015, for a total of $40,213.28 from Rockland Trust Company, a bank that had a secured interest in various vessels owned by Plaintiff Rhode Island Recycled Metals, LLC ("RIRM"). The buyer was required to remove the vessels upon purchase. Conway Marine was "unable to move the Apache because it was blocked by other vessels owned and/or controlled by RIRM." ECF No. 7 at 4.

The Apache is located in the Providence River, a public waterway, near RIRM's land in Providence. RIRM alleges that, in January 2016, the Apache "started to list and caused the . . . crane to hover over and threaten [the City of] East Providence['s] water line." ECF No. 1-1 at ¶ 11. Plaintiff AARE, LLC (the

landowner that leases the property to RIRM)[1] has sent monthly bills for storage fees and rent to Conway Marine. *Id.* at ¶ 17. The Apache has not been removed, and Conway Marine has not paid any storage fees or rent.

RIRM filed an eight-count complaint in R.I. Superior Court, which Conway Marine removed to this Court based on diversity jurisdiction. ECF No. 1. The eight Counts are as follows: (1) breach of contract; (2) quantum meruit; (3) unjust enrichment; (4) contract in fact; (5) negligence; (6) gross negligence; (7) declaratory judgment; and (8) injunctive relief. Conway Marine filed a Motion to Dismiss (ECF No. 7) asserting that each of the eight Counts fails to state a claim upon which relief can be granted. RIRM objected (ECF No. 10),[2] and Conway Marine replied (ECF No. 12).

## COUNTS I and IV—Contract Claims

RIRM asserts that the "[p]arties entered into an enforceable contract" and that Conway Marine breached the contract "by not fulfilling their obligations to remove the APACHE by December 31, 2015 and failing to pay storage fees and other costs as they came due." ECF No. 1-1 at ¶¶ 21–22. They further allege (in Count IV) that the "parties['] conduct, correspondence and writings constitute a binding and enforceable contract in fact" and that Conway Marine "breached their duties within this contract in fact." *Id.* at ¶¶ 32–33.

---

[1] The Court will refer to both RIRM and AARE as RIRM unless the distinction is relevant.
[2] RIRM does not oppose the Motion to Dismiss Defendant Joshua Cahill.

2

The problem with RIRM's argument is that it fails to set forth any facts, aside from the legal elements, that offer a basis for relief. At no point in RIRM's Complaint, or in the exhibits, does it provide any facts that establish that a written agreement between RIRM and Conway Marine existed, or that other correspondence occurred that created an agreement. Indeed, the only allegation is that the "[p]arties entered into a valid and enforceable contract." *Id.* at ¶ 21. For a breach of contract claim, Rhode Island law requires proof that an agreement existed, breach of that agreement, damages, and causation. *Petrarca v. Fid. & Cas. Ins. Co.*, 884 A.2d 406, 410 (R.I. 2005). This mere recitation of an essential element, sans factual allegations, misses the boat.

The breach of a contract-in-fact claim, likewise, provides a conclusory statement that a contract in fact existed. The only factual allegation in the complaint is that "[t]he parties conduct, correspondence and writings constitute a binding and enforceable contract in fact." *Id.* at ¶ 32. Looking beyond the complaint itself, Exhibit D to RIRM's Response provides a series of emails sent from RIRM to Conway Marine asking for money,[3] but contains no communications on behalf of Conway Marine. ECF No. 10-5. Even with this information, RIRM's claim fails the plausibility test, as it does not illustrate a factual basis for the existence of an agreement. RIRM cannot, as it argues, unilaterally impose a "book account" on Conway Marine. Rhode Island common law defines an implied-in-fact contract as "a form of express contract wherein the elements of the contract are found in and

---

[3] These invoices are referenced in RIRM's Complaint, ECF No. 1-1 at ¶ 17, and therefore can be considered under a motion to dismiss standard.

3

determined from the relations of, and the communications between the parties." *Cote v. Aiello*, 148 A.3d 537, 545 (R.I. 2016). Therefore, RIRM must still allege offer, acceptance, and consideration, albeit through means other than a written agreement. Because RIRM only puts forth "a formulaic recitation of the elements of a cause of action," the Court must dismiss these claims as insufficiently pled. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### COUNTS II and III—Quantum Meruit and Unjust Enrichment

RIRM claims damage pursuant to two equitable theories—quantum meruit and unjust enrichment. RIRM's Complaint alleges that it "was forced to expend considerable time, money, and other valuable resources by Defendants neglecting the APACHE barge," ECF No. 1-1 at ¶ 14, and that Conway Marine "profited from the use of Plaintiffs' property and services," *id.* at ¶ 25; *see also id.* at ¶ 29. Additionally, RIRM's Complaint floats a second basis for recovery: a lawsuit filed by the City of East Providence against RIRM seeking $91,569.60 from RIRM for emergency actions it took when the Apache started to list, causing the crane to threaten the City of East Providence's water line. ECF No. 1-1 at ¶¶ 11–16.

To recover under these theories,[4] a plaintiff must prove the following: "(1) the plaintiff conferred a benefit on the defendant, (2) the defendant appreciated the benefit, and (3) under the circumstances it would be inequitable for the defendant to retain such benefit without paying the value thereof." *Process Engineers &*

---

[4] The Court will treat both legal claims in Counts II and III together because they are both quasi-contractual theories, which are "essentially the same." *Multi-State restoration, Inc. v. DWS Properties, LLC*, 61 A.3d 414, 418 (R.I. 2013).

4

*Constructors, Inc. v. DiGregorio, Inc.*, 93 A.3d 1047, 1053 (R.I. 2014) (quoting *Fondedile, S.A. v. C.E. Maguire, Inc.*, 610 A.2d 87, 97 (R.I. 1992)).

The deficiency in RIRM's position is that it has not plausibly alleged any facts to show that it bestowed a benefit on Conway Marine. General allegations that RIRM "spent time, money and other valuable resources," reminiscent of the legal elements, do not hold water. The only benefit that one could possibly glean from the complaint and exhibits is storage of the Apache. And this theory fails because RIRM has no right to charge a storage fee for the Apache. It does not own the Providence River—a public waterway—where the Apache has been since Conway Marine bought it from Rockland Trust. Even the landowner, AARE, as an adjacent property owner, does not own—and therefore cannot charge a storage fee for—a public waterway. *The Davidson*, 122 F. 1006, 1007 (D.R.I. 1903) ("[T]he wharf owner has not, I think, an exclusive right to the occupation at all times of the berth in front of his wharf, and, if the public use of the river so required, could probably be compelled to move vessels from his own wharf after a reasonable time for the discharge of the cargoes, in order to leave the space clear for the passage and ordinary maneuvering of other vessels . . . .").[5]

As for the action by the City of East Providence against RIRM, at this stage, it is purely speculative as to whether the court will grant that motion; accordingly, this claim is not ripe.

---

[5] See also R.I. Gen. Laws § 46-5-1.2(e) abolishing harborlines.

RIRM has failed to state a claim for either quantum meruit or unjust enrichment.

## COUNTS V and VI—Negligence and Gross Negligence

RIRM next asserts claims for negligence and gross negligence. "[L]iability for alleged negligent conduct cannot attach to a defendant absent a recognized duty of care." *Gushlaw v. Milner*, 42 A.3d 1245, 1252 (R.I. 2012) (citing *Selwyn v. Ward*, 879 A.2d 882, 886 (R.I. 2005)). In this case, RIRM has not alleged any duty owed by Conway Marine to RIRM, and it has not even hazarded a response to this argument. Conway Marine bought the Apache at a public auction from the holder of the secured interest in the vessel, Rockland Trust, and left the vessel in the public waterways. Nothing about this transaction, or the subsequent actions of Conway Marine, gives rise to a duty owed to RIRM.

RIRM has failed to state a claim for negligence or gross negligence[6] upon which relief can be granted.

## COUNTS VII and VIII—Declaratory Judgment and Injunctive Relief

RIRM asks this Court to declare its rights. Specifically, the complaint asks the Court to determine if "Defendants and/or other parties owe Plaintiff's a duty of care, compensatory damages and other damages for storage and other valuable services provided." ECF No. 1-1 at ¶ 45. And in addition, RIRM's Complaint seeks a declaration that Conway Marine owes RIRM "compensation for the use of the property and services provided to [Conway Marine]." *Id.* at ¶ 45(a). In essence,

---

[6] Rhode Island law only recognizes one form of negligence. *Labree v. Major*, 306 A.2d 808, 816 (R.I. 1973).

RIRM's Complaint seeks a declaration that Conway Marine owes a duty to RIRM and owes RIRM money storage and services under contract law. As detailed above, no contract exists for the court to declare rights. And at this juncture the Court does not find it appropriate to consider an abstract claim of duty, given the dismissal of the negligence claims. RIRM's declaratory judgment claim, therefore, suffers the same fate as the underlying claims.

Additionally, RIRM's request for injunctive relief[7] must be dismissed because no underlying claim survives.

## CONCLUSION

RIRM has failed to state a claim in its Complaint; therefore, Conway Marine's Motion to Dismiss (ECF No. 7) is GRANTED.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

May 4, 2017

---

[7] RIRM appears to have abandoned its request for injunctive relief. It does not address that issue in its brief (ECF No. 10-1) in opposition to Conway Marine's Motion to Dismiss.